**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **ONN RAPEIKA,** | **Civil Action No. 20-5358 (SDW)** |
| **Petitioner,** | |
| **v.** | **OPINION** |
| **ADMINISTRATOR NORTHERN STATE PRISON, et al.,** | |
| **Respondents.** | |

IT APPEARING THAT:

1. On April 28, 2020, Petitioner Onn Rapeika, through counsel, filed in this Court a purported petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. (ECF No. 1). In that petition, Petitioner raises a single claim – that his incarceration pursuant to his conviction is "cruel and unusual" because "New Jersey refuses to permit [him] compassionate release from prison because of COVID-19. (*Id.* at 5). Petitioner provides few facts in support of this assertion, stating only that he is obese, has high blood pressure, and suffers from psychological issues, and that he can neither socially distance in prison and that the prison is not testing all inmates for the virus. (*Id.*). Petitioner admits in his habeas petition that he has not sought to exhaust this claim in the state courts, instead merely stating that there "are no state remedies." (*Id.*).

2. Because Petitioner has paid the appropriate filing fee, this Court is required to preliminarily review Petitioner's habeas petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Pursuant to this rule, a district court is "authorized to

dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

3. Initially, the Court notes that Petitioner has not even attempted to exhaust his claims in the state courts. Even where a state habeas petitioner is seeking to attack the execution, rather than validity, of his sentence, he is still required to exhaust all of his state court remedies before filing a habeas petition in state court, and the petitioner bears the burden of establishing that he has met this requirement. *Coady v. Vaughn*, 251 F.3d 480, 488 (3d Cir. 2001). Under 28 U.S.C. § 2254(b)(1), this Court may not grant habeas relief to a convicted state prisoner unless he has has "exhausted the remedies available in the courts of the State," there is an absence of process in the state courts, or there are circumstances which render the state process ineffective. A petitioner generally satisfies this exhaustion requirement when he has presented each of his claims to the highest level of the state courts. *See Picard v. Connor*, 404 U.S. 270, 275 (1971); *Tinsley v. Johnson*, No. 10-3365, 2011 WL 5869605, at *3 (D.N.J. Nov. 22, 2011); *see also Ragland v. Barnes*, No. 14-7924, 2015 WL 1035428, at *1-3 (D.N.J. March 10, 2015). "Where any available procedure remains for the applicant to raise the question presented in the courts of the state, the applicant has not exhausted the available remedies." *Tinsley*, 2011 WL 5869605 at *3; *see also* 28 U.S.C. § 2254(c). A New Jersey state prisoner will therefore only have properly exhausted his claims where he has presented all of his claims "to the Superior Court of New Jersey, Law and Appellate Divisions, and to the New Jersey Supreme Court." *Barnes*, 2015 WL 1035428 at *1.

4. Here, Petitioner has not even attempted to seek relief from the state courts, and instead merely asserts without any support that "[t]here are no state remedies." (ECF No. 1 at 5). Given Petitioner's failure to even attempt to raise his claim in the state courts, Petitioner's bald assertion, without any further factual or legal allegations to support his claim, is inadequate to show that

there is no available process in the state courts.  Petitioner's petition is thus subject to dismissal without prejudice on that ground.

5.   The Court additionally notes that Petitioner's petition is also deficient as to its merits. In his petition, Petitioner seeks to raise in this matter a challenge to his conditions of confinement in the hopes of seeking his release.  Even if this Court were to assume that a conditions of confinement claim could serve as a basis for release given the extraordinary circumstances surrounding the COVID-19 pandemic, *see, e.g., Jorge V.S. v. Green*, No. 20-3675, 2020 WL 1921936, at *1-2 (D.N.J. Apr. 21, 2020); *Camacho Lopez v. Lowe*, No. 20-CV-563, 2020 WL 1689874, at *4-5 (M.D. Pa. Apr. 7, 2020), a finding this Court does not and need not make, Petitioner's claim would still fail to make out a prima facie case for relief.  There are two types of conditions of confinement claim implicated by a claim such as Petitioner's alleging that his detention during the COVID-19 crisis amounts to a constitutional violation – a general conditions of confinement claim, and a claim asserting that prison officials have been deliberately indifferent to the petitioner's medical needs.

6.   Addressing Petitioner's claim first as a conditions of confinement claim under the Eighth Amendment's prohibition of cruel and unusual punishment, the Supreme Court has explained that the Constitution "does not mandate comfortable prisons," and "only those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation."  *Wilson v. Seiter*, 501 U.S. 294, 298 (1991) (internal citations omitted, quoting *Rhodes v. Chapman*, 452 U.S 337 (1981)); *see also Watson v. Secretary Penn. Dep't of Corr.*, 567 F. App'x 75, 79 (3d Cir. 2014).  Thus, to plead an Eighth Amendment conditions of confinement claim, a Plaintiff must first plead an objective element: that the conditions under which he was housed were sufficiently serious as to deny him the minimal

civilized measure of life's necessities.  *Wilson*, 501 U.S. at 298; *Watson*, 567 F. App'x at 79.  In determining whether the conditions alleged are sufficiently serious, one must take into account a variety of factors including the level of deprivation and the length of time it was imposed upon the plaintiff.  Watson, 567 F. App'x at 79.  In addition to this objective component, a Plaintiff must also plead a subjective element: that the defendants acted with a sufficiently culpable state of mind.  *Id.*  This requires Plaintiff to properly allege that Defendants acted with "deliberate indifference, a state of mind equivalent to a reckless disregard of a known risk of harm."  *Stokes v. Lanigan*, No. 12-1478, 2012 WL 4662487, at *3 (D.N.J. Oct. 2, 2012); *see also Farmer v. Brennan*, 511 U.S. 825, 835 (1994); *Wilson*, 501 U.S. at 303.

7.   Here, Petitioner fails to plead anything indicative of the mental state of the prison officials, and certainly has pled no facts which would in any way suggest deliberate indifference to Petitioner's needs by the prison or its officials.  Likewise, Petitioner's brief factual allegations do not indicate that he has been denied the minimal civilized measures of life's necessities, and he has therefore failed to plead even a prima facie claim for relief based on his post-conviction conditions of confinement claim.

8.   As a medical claim, Petitioner's allegations similarly fail to set forth a prima facie claim for relief.   A convicted state prisoner seeking to raise a claim for relief based on insufficient medical treatment must show both that he has a sufficiently serious medical need, and that prison officials or medical staff have been deliberately indifferent to that need.  *King v. Cnty. of Gloucester*, 302 F. App'x 92, 96 (3d Cir. 2008) (citing *City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 243-44 (1983)); *see also Estelle v. Gamble*, 429 U.S. 97, 104 (1976).  A medical need is sufficiently serious where it "has been diagnosed as requiring treatment or [is a need that] is so obvious that a lay person would easily recognize the necessity of a doctor's attention."  *Monmouth*

*Cnty. Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987), *cert denied*, 486 U.S. 1006 (1988).  In this context, deliberate indifference is in turn established where the prison official involved acted with a reckless disregard of a substantial risk of harm.  *See Farmer v. Brennan*, 511 U.S. 825, 837-38 (1994); *Everett v. Nort*, 547 F. App'x 117, 121 (3d Cir. 2013).

9.    As discussed above, even when construed as a medical claim, Petitioner has utterly failed to plead any facts which even suggest, let alone could show, deliberate indifference to his medical needs as to prison staff.  Thus, even assuming that Petitioner could show a sufficient medical need in light of COVID-19, he has failed to present even a prima facie case for relief, and his habeas petition must therefore be dismissed without prejudice for that reason as well.

10.    Pursuant to 28 U.S.C. §2253(c), a petitioner may not appeal from a final order in a habeas proceeding where that petitioner's detention arises out of a state court proceeding unless he has "made a substantial showing of the denial of a constitutional right."  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude that the issues presented here are adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  As jurists of reason would not dispute that this Court has correctly determined that Petitioner's habeas petition is both unexhausted and fails to set forth a cognizable claim for relief as pled, Petitioner is denied a certificate of appealability as to the dismissal of his petition without prejudice.

11.  In conclusion, Petitioner's habeas petition shall be dismissed without prejudice both for lack of exhaustion and because he has failed to set forth a cognizable claim for relief, and Petitioner is denied a certificate of appealability as to this dismissal.  An appropriate order follows.


Dated: May 1, 2020                                  *s/ Susan D. Wigenton*
                                                    Hon. Susan D. Wigenton,
                                                    United States District Judge